UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

**MOULAYE ABDELKERIME HEDEYE**,

Petitioner,

– against –

**WILLIAM JOYCE**, *in his official capacity as Director of New York Field Office of U.S. Immigrations and Customs Enforcement*; **MARKWAYNE MULLIN**, *in his official capacity as Secretary of U.S. Department of Homeland Security*; **TODD BLANCHE**, *in his official capacity as acting U.S. Attorney General*; and **RAUL MALDONADO JR.**, *in his official capacity as warden at the Metropolitan Detention Center, Brooklyn*,

Respondents.

---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

26-CV-6725 (AMD)

**ANN M. DONNELLY**, United States District Judge:

On December 15, 2025, the Department of Homeland Security ("DHS") detained the petitioner. (ECF No. 1 ¶ 2.) DHS is currently holding him at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (*Id.* ¶ 8.) The petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (*Id.*) The government "submit[s] that the appropriate remedy here is a burden shifted bond hearing before an Immigration Judge." (ECF No. 6 at 1.) The Court grants the petition, as explained below.

## BACKGROUND[1, 2]

The petitioner, a native of Mauritania, entered the United States on May 14, 2023. (ECF No. 1 ¶¶ 1, 4.) He filed for asylum, but on February 11, 2025, an immigration judge ordered him removed. (*Id.* ¶¶ 4, 5.) He appealed the removal order, and his appeal is "currently pending" with the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 5.) On December 15, 2025, he "was arrested on Avenue I in Brooklyn NY while ICE agents were making a sweep of the area." (*Id.* ¶ 15.) Since then, he has been held in the MDC. (*Id.*) The petitioner asserts that he has "obeyed all of ICE's instructions regarding his stay in the United States," and that he has "suffered great financial hardship" as a result of his detention. (*Id.* ¶¶ 4, 6.)

On October 19, 2026, the petitioner filed this petition for habeas relief. (ECF No. 1.) The Court ordered the government to show cause why the petition should not be granted. (*ECF Order dated Oct. 20, 2026.*)[3] On October 27, 2026, the government filed its response to the Court's Order to Show Cause. (ECF No. 6.) The petitioner replied on October 29, 2026. (ECF No. 7.)

## LEGAL STANDARD

A district court is empowered "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v.*

[1] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits. *See Hyppolite v. Noem*, 808 F. Supp. 3d 474, 479 n.1 (E.D.N.Y. 2025); *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 402 n.1 (S.D.N.Y. 2025).

[2] Having reviewed all the submissions, the Court finds that the petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. *Tumba v. Francis*, 813 F. Supp. 3d 394, 397 n.1 (S.D.N.Y. 2025); *see also* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require").

[3] The Court also ordered the government not to remove the petitioner from the United States or transfer him out of the Eastern District of New York during the pendency of these proceedings. (*See ECF Order dated Oct. 20, 2026.*)

*Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

**DISCUSSION**

In seeking a writ of habeas corpus, the petitioner argues that his "ongoing prolonged detention without a hearing" violates the Fifth Amendment's due process clause. (ECF No. 1 ¶¶ 51–54.)[4] The petitioner's appeal of his final removal order is still pending before the BIA. (*Id.* ¶ 5.) Therefore, he is detained pursuant to 8 U.S.C. § 1226(a). *See Singh v. Immigr. & Customs Enf't*, No. 26-CV-5202, 2026 WL 2797880, at *4 n.1 (S.D.N.Y. Sept. 18, 2026) ("Because Petitioner's appeal to the BIA is still pending, the removal order is not yet 'administratively final,' meaning that he remains detained under the pre-removal statutory frameworks."); *see also Colindres v. Tellez*, No. 26-CV-663, 2026 WL 509493, at *2 (E.D.N.Y. Feb. 23, 2026).[5]

Pursuant to 8 U.S.C. § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). "[P]ending such decision," the government may release the noncitizen "on bond" subject to certain conditions. 8 U.S.C. § 1226(a)(2)(A). A noncitizen seeking release on bond under Section 1226(a) "must demonstrate to the satisfaction of the officer that such release would not

[4] The petitioner also argues that his "ongoing prolonged detention without a bond hearing violates the Eighth Amendment." (ECF No. 1 ¶¶ 55–58.) Because the Court finds that the petitioner is entitled to a bond hearing under the Fifth Amendment's due process clause, as discussed below, it does not address his Eighth Amendment claim. The petitioner does not argue that his initial detention violated due process.

[5] The government agrees that the petitioner is detained pursuant to Section 1226(a). (*See* ECF No. 6 at 1.)

pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8).

In *Velasco Lopez v. Decker*, the Second Circuit held that Velasco Lopez's "prolonged incarceration, which had continued for fifteen months without an end in sight or a determination that he was a danger or flight risk, violated due process," and that a bond hearing where the government bore the burden to justify continued detention "appropriately addressed the violation." 978 F.3d 842, 855 (2d Cir. 2020). Thus, "[w]hen a noncitizen's detention under Section 1226 becomes 'unreasonably prolonged, due process demands . . . [a] bond hearing [at which] the *government* bears the burden of justifying, by clear and convincing evidence, the detainee's continued detention.'" *Chavarria-Zepeda v. Mullin*, No. 26-CV-5327, 2026 WL 3082762, at *1 (E.D.N.Y. Oct. 15, 2026) (quoting *Black v. Almodovar*, 156 F.4th 171, 202 (2d Cir. 2025)); *see also Bohorquez v. Mullin*, No. 26-CV-2053, 2026 WL 1693948, at *5 (E.D.N.Y. June 11, 2026) (explaining that in the context of prolonged detention, "a noncitizen detained pursuant to § 1226(a) is entitled to a bond hearing where the government has the burden to show by clear and convincing evidence that the noncitizen is a danger to the community or a flight risk" (citing *Velasco Lopez*, 978 F.3d at 855)).

Although in *Velasco Lopez* the Second Circuit "declined to 'establish a bright-line rule for when due process entitles an individual detained under § 1226(a), to a new bond hearing with a shifted burden' it noted that '[t]he Supreme Court has held that noncitizens who have been ordered removed for having committed serious criminal offenses or having a long criminal history cannot be detained indefinitely, and a presumptively constitutional period of detention does not exceed six months.'" *Batista v. Mullin*, No. 26-CV-6550, 2026 WL 3182029, at *5 (E.D.N.Y. Oct. 23, 2026) (quoting *Velasco Lopez*, 978 F.3d at 855 n.13); *see also Black v.*

*Decker*, 103 F.4th 133, 150 (2d Cir. 2024) ("[A]ny immigration detention exceeding six months without a bond hearing raises serious due process concerns."); *cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that detention pursuant to 8 U.S.C. § 1231 for longer than six months is presumptively unreasonable). The petitioner has been detained for almost eleven months. (*See* ECF No. 1 ¶ 15.) Therefore, his detention "raises serious due process concerns." *Black*, 103 F.4th at 150.

Courts evaluating whether a petitioner's ongoing detention violates due process apply the *Mathews v. Eldridge* three-factor test. *Velasco Lopez*, 978 F.3d at 851. The Court must balance (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976).

The first *Mathews* factor weighs heavily in the petitioner's favor. He has been detained for almost a year and has suffered "financial harm that has required" him to seek "the assistance of various relatives and friends to support himself." (ECF No. 1 ¶ 43.) His interest is "the most significant liberty interest there is — the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851.

The second *Mathews* factor also favors the petitioner. The petitioner "has had one hearing at the forced behest of the District of New Jersey, where he bore the burden of proof." (ECF No. 1 ¶ 45.) As the Court has noted in previous cases, shifting the burden onto the petitioner creates a "significant risk of erroneous deprivation," because "the government — not the detainee — has access to the relevant information that would establish whether the detainee

is a flight risk or a danger to the community," and "[i]t is difficult, if not impossible, for a detainee without such access to carry the burden of proof." *Bohorquez*, 2026 WL 1693948, at *6 (citing *Velasco Lopez*, 978 F.3d at 855). Further, "'as the period of . . . confinement grows,' so do the required procedural protections no matter what level of due process may have been sufficient at the moment of initial detention." *Velasco Lopez*, 978 F.3d at 853 (quoting *Zadvydas*, 533 U.S. at 701).

As to the third factor, "the Attorney General's discretion to detain individuals under § 1226(a) is valid where it advances a legitimate governmental purpose." *Id.* at 854. While "ensuring that noncitizen[s] do not abscond" and "ensuring they do not commit crimes" are legitimate government interests, "the Government has not articulated an interest in the prolonged detention of noncitizens who are neither dangerous nor a risk of flight." *Id.* And "shifting the burden of proof to the Government to justify continued detention promotes the Government's interest," because it "minimiz[es] the enormous impact of incarceration in cases where it serves no purpose." *Id.*

In sum, all three factors favor the petitioner, and his ongoing detention violates due process. Accordingly, the government must give the petitioner a bond hearing, at which it must demonstrate by clear and convincing evidence that he is a danger to the community or a flight risk. The government agrees that this is the "appropriate remedy." (*See* ECF No. 6 at 1.) If the government cannot satisfy its burden, it must release the petitioner.[6]

[6] The petitioner argues that he is entitled to immediate release. (*See* ECF No. 7 at 1–2.) But "[o]rdinarily, the remedy for unreasonably prolonged detention is a constitutionally adequate bond hearing before an IJ." *Sosa v. Warden of Orange Cnty. Corr.*, No. 26 CV-2304, 2026 WL 1803814, at *7 (S.D.N.Y. June 23, 2026) (citation omitted).

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), is granted.

The government is directed to provide the petitioner with an individualized bond hearing before an IJ by November 13, 2026. At that hearing, the government must bear the burden of demonstrating, by clear and convincing evidence, that the petitioner is a danger to the community or a flight risk. *See Velasco Lopez*, 978 F.3d at 857. The IJ must consider alternatives to detention and, if the petitioner is deemed eligible for bond, the petitioner's ability to pay. *See Black*, 103 F.4th at 155, 158–159.

In the event the government does not give the petitioner a bond hearing by November 13, 2026, or fails to satisfy its burden at that hearing, the government is ordered to release the petitioner immediately. By November 16, 2026, the government must submit a letter to the Court certifying compliance with this order; in that letter, the government must report the date the hearing took place and its outcome.

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
November 10, 2026